COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|   |   |   |
|---|---|---|
| MIGUEL TARANGO, | § | No. 08-12-00187-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100D04946) |
|   | § |   |

## **O P I N I O N**

Miguel Tarango appeals his conviction on one count of indecency with a child by sexual contact. In his only issue for review, Appellant challenges the legal sufficiency of the evidence. We affirm.

## **BACKGROUND**

### *Factual History*

The complaining witness, M.T., is the adopted daughter of Appellant and his wife. On December 30, 2009, M.T. sent D.R., her biological half-sister, a Facebook message asking if she could speak with her. M.T. told D.R. that Appellant had come to her room that morning and began touching her back, breasts, and legs. D.R. testified at trial that M.T. was very upset and said that she had not told anyone else about what Appellant had done to her. They both agreed to

tell D.R.'s mother, who in turn relayed the information to M.T.'s mother. Police eventually came to the house and interviewed the family members.

At trial, M.T. went into further detail about the molestation, testifying that on December 30, 2009, Appellant had begun massaging her back, and attempted to place his hand down the front of her shirt. She tried to move away but Appellant held her still, placing his hand on her buttock outside her clothing. Afterwards, M.T. testified that Appellant tried to give her $20.00 to stay quiet, but that she refused to take it and began crying. She further testified that Appellant told her he would do it again if she did not stop crying, and that she told D.R. what had happened because she was afraid Appellant was "going to rape me or something." M.T. claimed that Appellant had molested her between twenty to forty times since the time she was twelve years' old, both at the house and in the car while driving together. She also testified that he would occasionally masturbate and ejaculate on her back. She did not report the abuse because she had lied about things as a child and was worried her mother would not believe her story.

M.T.'s adoptive brother—Appellant's biological son—testified that M.T. began acting out in middle school, shortly after finding out that she was adopted. In his opinion, M.T. was not a truthful person. Appellant's sister also testified that Appellant behaved respectfully around children. Finally, Appellant testified in his own defense and denied ever having touched M.T. inappropriately.

### Procedural History

The State indicted Appellant on two counts of indecency with a child. Count One alleged that Appellant had sexual contact with M.T. by touching her genitals on or about January 1, 2004, and Count Two alleged sexual contact by touching of the breast on or about January 1,

2

2005. The jury convicted Appellant on Count Two but found him not guilty on Count One. He was sentenced to five years' in prison. Appellant appeals his conviction on Count Two.

## DISCUSSION

In his sole issue, Appellant contends that his adoptive daughter's uncorroborated testimony against him is legally insufficient to support his conviction. We disagree.

### *Standard of Review*

On legal sufficiency review, we examine all "properly and improperly admitted" record evidence "in the light most favorable to the prosecution" to ascertain whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). "Our role on legal sufficiency review is not to usurp the jury and replace its verdict with our own; instead, we serve as a procedural safeguard, ensuring that whatever verdict the jury rendered comports with due process." *Urias v. State*, No. 08-12-00090-CR, 2014 WL 1259397, at *2 (Tex.App.--El Paso Mar. 26, 2014, no pet. h.)(not designated for publication). "In conducting this review, we must defer to the jury's role as the sole judge of the credibility and weight that testimony is to be afforded." *Castaneda v. State*, No. 08-10-00050-CR, 2011 WL 4490960, at *4 (Tex.App.--El Paso Sept. 28, 2011, pet. ref'd)(not designated for publication). "[W]hen faced with a record of historical facts that supports conflicting inferences, we must presume that the trier of fact resolved any such conflicts in favor of the verdict and defer to that resolution." *Shaw v. State*, No. 03-10-00790-CR, 2012 WL 3797606, at *3 (Tex.App.--Austin Aug. 29, 2012, no pet.)(mem. op., not designated for publication); *see also Padilla v. State*, 326 S.W.3d 195, 200 (Tex.Crim.App. 2010).

*Analysis*

In his brief, Appellant attacks M.T.'s credibility and asks us to reverse his conviction based on his contention that M.T's testimony was simply not credible. However, it is the jury's province to weigh credibility, not ours. *Castaneda*, 2011 WL 4490960, at *4. We presume that the jury resolved conflicts between M.T.'s testimony and Appellant's testimony in favor of M.T., finding her credible in spite of testimony from defense witnesses calling her truthfulness into question. *See Shaw*, 2012 WL 3797606, at *5. Since a conviction for indecency with a child may rest on the uncorroborated testimony of the complaining witness as a matter of law, TEX.CODE CRIM.PROC.ANN. art. 38.07(a)(West Supp. 2013), the question we answer here is whether a rational jury, in measuring the content of M.T.'s testimony against a hypothetically correct jury charge, could have found that all elements of the charged offense were satisfied beyond a reasonable doubt. *See Duke v. State*, 365 S.W.3d 722, 731 (Tex.App.--Texarkana 2012, pet. ref'd); *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). We hold that a rational jury could have found guilt beyond a reasonable doubt on all essential elements.

Under a hypothetically correct jury charge, the jury could find Appellant guilty of indecency with a child where the evidence shows that (1) he engaged in sexual contact with M.T. by touching her breast, (2) with the intent to arouse or gratify his sexual desire, (3) while M.T. was under the age of seventeen. *See* TEX.PEN.CODE ANN. § 21.11(a)(1), (c)(1)(West 2011). M.T. testified that he touched her inappropriately, including on her breasts, numerous times over the years, thereby satisfying the first element. M.T. also testified that Appellant molested her on several occasions. The "intent to arouse or gratify" element may be inferred from circumstantial evidence, including evidence that touching occurred on more than one occasion. *See Shaw*, 2012 WL 3797606, at *5; *Garcia v. State*, Nos. 14-11-00064, 65, 66-CR, 2012 WL 273889, at *3

(Tex.App.--Houston [14th Dist.] Jan. 31, 2012, pet. ref'd)(mem. op., not designated for publication). Finally, M.T.'s testimony that Appellant had been touching her since she was twelve is sufficient to find that the indecent conduct occurred while M.T. was under the age of seventeen. The evidence is sufficient to support Appellant's conviction.

Issue One is overruled. We affirm Appellant's conviction.


April 11, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)